IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEORGE L. PREE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-3538-M-BH |
| | § | |
| CAROLYN W. COLVIN, ACTING | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case was automatically referred for findings, conclusions, and recommendation. Before the Court is the plaintiff's *Petition to Obtain Approval of a Fee for Representing a Social Security Claimant*, filed October 15, 2014 (doc. 31). Based on the relevant filings and applicable law, the petition should be **GRANTED**.

**I. BACKGROUND**

On December 22, 2011, George L. Pree (Plaintiff) filed a complaint seeking reversal and remand of the Acting Commissioner of Social Security's (Commissioner) decision denying his claim for disability benefits under Title II of the Social Security Act. (Doc. 1.) On September 13, 2013, the Court reversed and remanded the case to the Commissioner for further proceedings. (Docs. 24-25.) Plaintiff then moved for, and was awarded, attorney's fees under the Equal Access to Justice Act (EAJA) in the amount of $2608.02. (Doc. 30.)

On remand, the Commissioner rendered a decision in favor of Plaintiff and awarded past-due benefits. (Doc. 31 at 1-2.)[1] As provided by a contingency fee agreement, Plaintiff now seeks approval under § 406(b) of the Social Security Act to pay his attorney fees in the amount of

---

[1] Citations to the record refer to the cm/ecf system page number at the top of each page.

$6,690.25, which represents 25% of the past-due benefits he received. (*Id.* at 3.) After a timely-filed response by the Commissioner (doc. 33), the motion is now ripe for recommendation.

## II. ANALYSIS

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action." *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir.2011). While § 406(a) governs the award of attorney's fees for representing a claimant in administrative proceedings, § 406(b) governs the award of attorney's fees for representing a claimant in court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . ."

42 U.S.C.A. § 406(b)(1)(A) (West 2010); *see also Murkeldove*, 635 F.3d at 788 (citing *Gisbrecht*, 535 U.S. at 800). Contingency fee agreements in social security cases are unenforceable to the extent that they provide for fees exceeding 25% of past-due benefits. *Gisbrecht*, 535 U.S. at 807. Even when contingency fee agreements are within the statutory ceiling, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *See Gisbrecht*, 535 U.S. at 807.[2]

The reasonableness of attorney's fees awarded pursuant to a fee-shifting statute is generally

---

[2] The Commissioner has declined to assert a position on the reasonableness of Plaintiff's fee request on grounds that "she is not the true party in interest[,]" but asks the Court to resolve the question of reasonableness (Doc. 33 at 1, 3.) As the Fifth Circuit has noted, the Commissioner has no direct financial stake in the fee determination; rather, her role resembles that of a "trustee" for the claimant. *Jeter v. Astrue*, 622 F.3d 371, 374 n. 1 (5th Cir.2010) (citing *Gisbrecht*, 535 U.S. at 798 n. 6). Questioning the reasonableness of the fees sought is consistent with this role.

2

determined by using the lodestar method.[3] *Jeter v. Astrue*, 622 F.3d 371, 378 n. 1 (5th Cir. 2010) (citing *Gisbrecht*, 535 U.S. at 801). Noting that § 406(b) is not a fee-shifting statute, however, the Supreme Court has explicitly rejected the use of the lodestar method as the starting point in determining the reasonableness of a fee under this statute. *See Gisbrecht*, 535 U.S. at 801. Instead, "lower courts [are] to give a contingency fee agreement 'primacy'", although this will "in some instances result in an excessively high fee award." *Jeter*, 622 F.3d at 379. *Gisbrecht* acknowledged that "[i]f the benefits [resulting from a contingency fee agreement] are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order[ to disallow windfalls for lawyers]." *Gisbrecht*, 535 U.S. at 808. The Fifth Circuit has interpreted this language to mean that courts may still employ the lodestar method in determining whether a contingency fee constitutes a windfall, but only if they "articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage." *Jeter*, 622 F.3d at 379. For instance, a court may consider a reasonable hourly rate in its "windfall" assessment, "so long as this mathematical calculation is accompanied by consideration of whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him." *Id.*

The Fifth Circuit has not prescribed an exhaustive list of factors to consider in determining whether a fee award is unearned. It has noted with approval several factors considered by lower courts, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and

---

[3] This method consists of multiplying a reasonable number of hours by a reasonable hourly rate. *Raspanti v. Caldera*, 34 F. App'x 151 (5th Cir.2002); *Sandoval v. Apfel*, 86 F.Supp.2d 601, 615-16 (N.D. Tex. 2000) (Fitzwater, C.J.) (citations omitted).

whether the client consents to the requested fee." *Id.* at 381–82 (citing *Brannen v. Barnhart*, No. l:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004)). The claimant's attorney bears the burden of persuasion on the reasonableness of the fees sought. *See Gisbrecht*, 535 U.S. at 807 n. 17.

With regard to the first factor, courts have consistently recognized that "there is a substantial risk of loss in civil actions for social security disability benefits." *Charlton v. Astrue*, No. 3:10-CV-0056-O-BH, 2011 WL 6325905, at *4 (N.D. Tex. Nov. 22, 2011) (noting that in the year 2000, only 35 percent of claimants who appealed their case to federal court received benefits), *rec. adopted*, 2011 WL 6288029 (N.D. Tex. Dec. 14, 2011); *see also Hartz v. Astrue*, No. CIV.A. 08-4566, 2012 WL 4471846, at *6 (E.D. La. Sept. 12, 2012) (collecting cases), *rec. adopted*, 2012 WL 4471813 (E.D. La. Sept. 27, 2012). Here, counsel faced a substantial risk of loss, as Plaintiff had lost at all levels of the administrative proceedings, and the Commissioner had fully briefed a motion opposing remand. (*See* doc. 20.)

Counsel's resulting hourly rate of $491.93 ($6,690.25 divided by 13.60 hours of attorney work devoted to the case) is slightly less than one and a half times his regular hourly rate of $375.[4] (*See* doc. 31 at 3, 6.) This falls below the amounts that have been approved by courts as reasonable. *See, e.g., Prude v. U.S. Comm'r, Soc. Security Admin.*, No. 11-CV-1266, 2014 WL 249033, at *2 (W.D. La. Jan.22, 2014) (finding that the resulting hourly fee of $937.50 was reasonable in light of factors "such as the few attorneys in the area who will handle a disability appeal," "the lack of compensation in the many unsuccessful cases," and the fact that the fee was "not attributable to

---

[4] Plaintiff's counsel submitted evidence showing that the median average hourly rate for equity partners in Texas was $388 in 2012. (*See* docs. 31 at 6; 31-1 at 39-10.)

anything other than the attorney's own work"); *Neal v. Colvin*, No. 3:09-CV-522-N-BH, 2013 WL 5786268, at *3 (N.D. Tex. Oct. 28, 2013) (approving of the resulting $512.82 hourly rate as reasonable); *Taylor v. Comm'r, Soc. Security Admin.*, No. 6:09-CV-189, 2013 WL 3357936, at *2 (E.D. Tex. July 1, 2013) (finding that the resulting hourly rate of $651.62 was reasonable). Even in cases where courts found a fee reduction was warranted, they "reduced the fee to 2.5 times the rate normally charged by the attorney." *Jeter v. Comm'r, Soc. Sec.*, No. 2:06-CV-81, 2009 WL 909257, at *6 (W.D. La. Apr. 3, 2009) (collecting cases). The resulting hourly rate requested here, therefore, seems reasonable.

Moreover, counsel provided effective and efficient representation, expending over 13 hours drafting a 16-page motion for summary judgment and an 8-page reply brief that identified and analyzed four legal issues. (*See* docs. 19, 21.) Given the lack of success at the administrative level, the attorney's success appears to be attributable to his own work. The fees requested reflect the favorable result obtained, given that Plaintiff recouped $26,761.03 in wrongfully-denied past-due benefits. (*See* docs. 31 at 3; 31-1 at 4-5.) By the time counsel represented Plaintiff in federal court, he had over 38 years of experience practicing exclusively in Social Security law. (Doc. 31-1 at 12-13) The contingency fee requested in this case represents exactly 25% of the past-due benefits awarded to Plaintiff. (*See* docs. 31 at 3; 31-1 at 5.) Finally, while certainly not determinative, the existence of a contingency fee agreement indicates that Plaintiff consented to the payment of a 25% fee. *See Jeter*, 622 F.3d at 381–82; *Hartz*, 2012 WL 4471846, at *6.

After weighing the relevant factors, the Court finds that the requested contingency fee award

in the amount of $6,690.25 is reasonable and should be granted.[5]

### III. RECOMMENDATION

Plaintiff's *Petition to Obtain Approval of a Fee for Representing a Social Security Claimant*, filed October 15, 2014 (doc. 31), should be **GRANTED**. Counsel should be awarded $6,690.25 in attorney's fees pursuant to 42 U.S.C. § 406(b).

**SO RECOMMENDED** on this 3rd day of April, 2015.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[5] As noted, Plaintiff was previously awarded attorneys' fees pursuant to EAJA. (Doc. 30.) Ordinarily, counsel would be required to "refund to [Plaintiff] the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796. Here, counsel represents that he did not receive the EAJA fee because the Department of Treasury applied the fee award to satisfy an outstanding federal debt owed by Plaintiff. (*See* docs. 31 at 7; 31-1 at 35.)